[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Defendant Metropolitan Property and Casualty Insurance Co. moves for summary judgment on the ground the plaintiff's claim is barred by a provision in the insurance policy which requires the plaintiff to bring suit against the insurance company within one year of the loss. For the reasons stated below, the motion is denied.
The plaintiff, Julia Kish, claims Metropolitan wrongfully rescinded an insurance policy and thereby deprived her of benefits when she suffered a loss by theft. She has sued the insurance agent who obtained the policy for her, the agency for whom the agent worked, and Metropolitan. With respect to the conduct of the insurance agent and the agency, the plaintiff alleges they acted unskillfully and made errors and omissions which caused Metropolitan to rescind the policy. She further claims that Metropolitan is vicariously liable for their errors.
The defendant has alleged by way of a special defense that the insurance policy which it issued and later rescinded contained a provision requiring the plaintiff to bring any action against Metropolitan within one year of the alleged loss. Because this lawsuit was not brought within one year of the alleged loss, Metropolitan contends the claim is barred by this contractual provision. The plaintiff, on the other hand, argues that Metropolitan can not rely on this provision since it rescinded the contract of insurance.
In the first and second counts, the plaintiff seeks to enforce against Metropolitan rights arising from the contract. The time limitation provision is relevant to these claims. The plaintiff can not claim benefits under the policy and at the same time deny the enforceability of a provision in the policy unless the insurance company is estopped by its conduct from enforcing the provision or has waived its rights. In the third count, the plaintiff seeks to enforce rights arising from a delict or tort. She claims the errors and omissions of the agent and agency caused her to suffer a loss. She further claims the agent and agency were acting as the agents and representatives of Metropolitan. The time-limitation provision does not apply to this ex delicto claim. Because the time-limitation provision is not applicable to the third count, the motion for summary judgment is denied. CT Page 12510-I
The motion for summary judgment is denied.
THIM, JUDGE